FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 09 2019

JEFFREY P. COLWELL
CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-03136-GPG
(To be supplied by the court)

Tobi Kilman, Plaintiff

v.

Lt. Thomas Daley (ACDF),

Sheriff Tyler S. Brown,

Former Sheriff Pat Sullivan,

Control Officer Boyd (ACDF), Defendant(s).

see attached

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## PRISONER COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

# List Of Parties

Tobi Kilman, Plaintiff

v.

Lt. Thomas Daley (ACDF),
Sheriff Tyler S. Brown,
Former Sheriff Pat Sullivan,
Control Officer Boyd (ACDF),
Aramark Correctional Services, LLC, Defendants.

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.* Tobi Kilman #866024

Arapahoe County Detention Facility, P.O. Box 4918, Centennial, CO 80155-4918
(Name, prisoner identification number, and complete mailing address)

None.
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

✓ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
___ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) __________

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: Thomas Daley, Lieutenant.
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Mr. Daley is a Lieutenant at the Arapahoe County Detention Facility and is in charge of visiting there.

Defendant 1 is being sued in his/her ✓ individual and/or ___ official capacity.

Defendant 2: Tyler S. Brown, Arapahoe County Sheriff
(Name, job title, and complete mailing address)
13101 E. Broncos Pkwy., Centennial, CO 80112

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Mr. Brown is the Arapahoe County Sheriff and oversees the jail that these incidents occurred at.

Defendant 2 is being sued in his/her ✓ individual and/or ___ TK official capacity.

Defendant 3: Pat Sullivan, Former Arapahoe County Sheriff
(Name, job title, and complete mailing address)
13101 E. Broncos Pkwy., Centennial, CO 80112

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? ✓ Yes ___ No (*check one*). Briefly explain:

Mr. Sullivan was the Arapahoe County Sheriff at the time that some of these incidents occurred.

Defendant 3 is being sued in his/her ✓ individual and/or ___ official capacity.

## C. JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

✓ 42 U.S.C. § 1983 (state, county, and municipal defendants)

___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

___ Other: (*please identify*) ______________________

Defendant 4: Ms. Boyd, Control Room Officer
Arapahoe County Sheriff
13101 E. Broncos Pkwy.
Centennial, CO 80112

At the time the claims in this complaint arose, this defendant was acting under color of state law. She was the unit control officer for pod 6 at 3:30-3:45 PM on December 17, 2018.

Defendant 4 is being sued in her individual capacity.

Defendant 5: Aramark Correctional Services, LLC,
Food Service Provider
Central Office Mailing Address Not Found (Aramark refused to disclose Request #171776)

At the time the claims in this complaint arose, this defendant was acting under color of state law as the food-service provider for Arapahoe County Detention Facility.

Defendant 5 is being sued in its' official capacity.

## D. Statement of Claims

The Plaintiff, Tobi Kilman, is a pre-trial detainee at the Arapahoe County Detention Facility. He has been housed there since the beginning of October, 2018, and these are his accounts:

Claim One: An unfortunate incident occurred on May 4th, 2019, in which I, the Plaintiff, apparently did not return to my cell in a timely manner when ordered to, and was subsequently physically subdued, and taken from housing unit 3A to a rubber room, and detained for several hours. The incident occurred in the unit dayroom and was captured by the dayroom camera. I was disciplined for the event. At issue is the fact that my attorney, Stephanie Howard, came to make a professional visit to me directly after this incident occurred, and was denied the visit. She (my attorney) has not taken issue with this, and I am not filing this complaint at her urging, even though she was denied access to her client. However, I take issue with being denied access to legal counsel, and it is my contention that the denial of said pro-visit was a violation of the

Plaintiff's 5th and 14th Amendment U.S. Constitutional Rights to due process and equal protection under the law.

The Plaintiff is naming Lt. Thomas Daley as the Defendant for this particular claim. Unfortunately the Plaintiff does not have access to the names of every officer and official that took part in the denial of his visit, but he does have proof via an e-mail exchange with the Plaintiff's father that shows Mr. Daley's participation in the conspiracy to deny the Plaintiff's visit and the subsequent effort to cover up the denial of said visit. Paper copies of these e-mails have been entered into evidence by the Plaintiff as Exhibit 1. They show that Lt. Daley perpetuated a lie to the Plaintiff's father when he told the father that "Ms. Howard did visit your son." The Plaintiff's lawyer was not allowed to visit him on that day, and she would be required to attest to this reality if she were to testify under oath and in a court of law. ~~The Plaintiff was not~~ This visit was officially logged as being had when it was not, and the Plaintiff was not even made aware of the fact that his attorney tried to visit him on that particular day until ~~[illegible]~~ days later.

Mr. Kilman should not have been denied his pro-visit. Lt. Daley is responsible for visits at ACDF. Further, Mr. Daley should not have committed fraud by lying about it.

The Plaintiff would also like to make a note of the fact that his foot was badly sprained when he was subdued by officers on May 4th, and he was not looked at by someone from the medical department immediately after the incident. This was medical negligence on the part of the jail.

Claim Two: On December 17th, 2018, at between 3:30 and 3:45 PM, I was assaulted from behind by another inmate. This happened in the dayroom of housing unit 6A. The inmate that assaulted me was in administrative segregation, and he was not supposed to be out of his room while I was. At the time, this particular unit was split between general population inmates, and those classified in ad-seg. It was during free-time for general population that this inmate's door was opened inexplicably. He ran up behind me, slammed my head into a door frame, and ran out of the unit as the sally port door to the unit was opened for

officers to respond to the incident. This assault was a direct product of a negligent breach of security and classification protocol. Said incident was in plain view of housing unit video cameras. It was witnessed by a deputy Walton, among others. It was also witnessed by inmates Benjemen Parsons, Jason Thomas, Ali Stephens, Luis Mancilla-Aceves, Paul Darling, and Vernon Hale, among others. I was seen by a nurse that night at approximately 9:30 to 9:45 PM with a visible lump on my head.

The Plaintiff asserts that Pat Sullivan, who was the Arapahoe County Sheriff at the time, is guilty of violating the 8th Amendment U.S. Constitutional Right of the Plaintiff, to be free from the subjection of cruel and unusual punishment. The 8th Amendment's "prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008). Mr. Sullivan was personally responsible for setting up a classification protocol that was obviously unsafe,

simply for the purpose of packing as many inmates into his jail as possible. As the Sheriff, Mr. Sullivan would have had to directly approve a housing situation like this.

Also named as a Defendant, Control Room Officer Boyd (?) is responsible for inflicting cruel and unusual punishment upon the Plaintiff by opening the lunatic's door by whom Mr. Kilman was assaulted. This act blatantly went against her procedural ~~[illegible]~~ training. She knew or at the very least should have known not to open that door, which was under her control at the time.

Claim Three: This claim is one that was documented extensively in a recent Denver Post cover story, and it pertains to the overcrowding in this jail. Cells that the Plaintiff has been housed in are triple-bunked. There is approximately seventy square-feet of floor space in the rooms. Per federal regulation, this is barely enough floor space for two people, let alone three. This housing condition constitutes an intentional infliction of emotional distress and is a violation of the Plaintiff's right to be free from cruel and unusual punishment. Former Sheriff

Pat Sullivan and current Sheriff Tyler S. Brown are personally responsible for instituting this housing protocol and are in violation of the 8th Amendment, thereby.

Claim Four: I am being grossly undefed. I have been told by the food-service provider, Aramark Correctional Services, LLC, that the diet we are served consists of a daily average of 2,800 calories. The Kitchen made this impossible-to-believe claim in ~~these~~ their response ~~response~~ to my grievance (3/20/19, Request # 56858), and their response to my grievance appeal (4/10/19, Request #66335). A fair audit of what we are actually served on a daily basis would probably reveal the calorie count of this diet to be about half of what is claimed. Also, the protein content of the diet is exceedingly low. There is not enough calories or protein for proper health and maintenance. This is a requirement that should be met by Aramark for that ~~corporation~~ corporation to fulfill their 8th Amendment, cruel and unusual punishment clause obligation to not underfeed ACDF's inmate population, given that

they are its' food-service provider. I am a pre-trial detainee, not a concentration-camp inmate; and ACDF is not Auschwitz. Simply feeding one enough so that one does not starve to death does not constitute fulfillment of Aramark's obligation.

Lastly, the Plaintiff would like to note to the Court that he has lost nearly fifty pounds of muscle since he has gotten here, and he feels hypoglycemic quite often.

TK

Claim Five: Mail is often delivered late. I have been told by deputies that work the housing units that mail sometimes sits in the control room for many days before it gets delivered. I have sometimes received pieces of mail with weeks old postmarks. This is at least a nuisance and is probably intentional infliction of emotional distress. Ms. Terri Wood is the mailroom co-ordinator here and she is responsible for ensuring that mail is delivered in a timely fashion. The Plaintiff asserts that not only is this jail's late and lacking delivery of mail in violation of federal law; it is also in violation of the 1st and 8th Amendments.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): Colorado Dept. of Corrections et al

Docket number and court: 19-1170 (D.C. No. 1:19-cv-00090-LTB) (D. Colo.)

Claims raised: Disregard of proper time-computation.

Disposition: (is the case still pending? has it been dismissed?; was relief granted?) Dismissed.

Reasons for dismissal, if dismissed: Technical/procedural issues.

Result on appeal, if appealed: Dismissed.

see attached for Previous Lawsuit #2

## F. ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

✓ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

✓ Yes ___ No (*check one*)

E. Previous Lawsuit #2

Names of defendants: Williams et al

Docket number and court: 1:19-cv-02265-LTB-GPG,
U.S. District Court - District of Colorado

Claims Raised: Disregard of Colorado Revised Statutes regarding C.D.O.C. inmate time-computation protocol.

Disposition: Still pending.

G. Request for Relief

The Plaintiff requests that the Court grant the following relief;

A: An injunction requiring Aramark Correctional Services, LLC. to actually serve 2,800 calories to each inmate, each day. Additionally, it will adopt the National Academy of Sciences Food and Nutrition Board's Dietary Reference Intake (DRI). This Academy is the group that sets the Recommended Daily Allowances (RDA's) for vitamins and minerals. The DRI is 46 grams of protein intake per day for women and 56 grams per day for men.

B: Award $10,000 in compensatory damages, and $90,000 in punitive damages against Lt. Thomas Daley for his participation in the institutionally corrupt denial of the Plaintiff's professional visit on May 4th, 2019.

C: Award $5,000 in compensatory damages, and $45,000 in punitive damages against Fmr. Arapahoe

County Sheriff Pat Sullivan for his institution of the housing protocol that led to the incident on December 17, 2018.

D: Award $5,000 in compensatory damages, and $45,000 in punitive damages against ACDF Control Room Officer Boy for her role in December 17, 2018 incident.

E: Award $10,000 in compensatory damages, and $90,000 in punitive damages against Fmr. Arapahoe County Sheriff Pat Sullivan for his contributions to the overcrowding in the Arapahoe County Detention Facility.

F: Award $10,000 in compensatory damages, and $90,000 in punitive damages against Arapahoe County Sheriff Tyler S. Brown for his contributions to the overcrowding in the Arapahoe County Detention Facility.

## G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

See attached.

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

______________________________
(Plaintiff's signature)

12/4/19
______________________________
(Date)

(Form Revised December 2017)

Search Images Maps Play YouTube News Gmail Drive More » jscottkilman@gmail.com | Google Account | Settings | Help | Sign out

You have been redirected to the basic HTML version because this browser is not supported. To use standard view please upgrade to a supported browser.

SUPPORTING MATERIAL

Gmail [Search Mail] [Search the Web] Show search options Create a filter

Compose Mail
Inbox (917)
Starred
Sent Mail
Drafts (19)
All Mail
Spam (126)
Trash

Contacts

Labels
Personal
Receipts
Travel
Work
Edit labels

« Back to Inbox [Archive] [Report Spam] [Delete] [More Actions...] [Go] ‹ Newer 7 of about 89 Older ›

Expand all | Print | New window

## Tobi transferred? Inbox

Scott Kilman — Sun, May 5, 2019 at 9:58 AM
Howard, Stephanie<Stephanie.Howard@coloradodefenders.us> — Mon, May 6, 2019 at 7:56 AM
To: Scott Kilman <jscottkilman@gmail.com>
Reply | Reply to all | Forward | Print | Delete | Show original

MONDAY

Hi Scott,

Tobi is still in Arapahoe. I know there have been troubles with visiting. I was there on Saturday and was not allowed to see him either. I'm working on this.

His case is still set for today, but I don't see him on the in-custody list, which is likely because the court clerk forgot to tell the jail she moved his court date. This is ok with us. He and I have some more things to discuss before he comes to court. If he happens to be brought over today anyway, I'll be sure to let him know you've been working to get him a pro se clinic visit.

Stephanie
- Show quoted text -

Reply | Reply to all | Forward | Print | Delete | Show original

jscottkilman@gmail.com — Mon, May 6, 2019 at 9:07 AM
Howard, Stephanie — Mon, May 6, 2019 at 9:37 AM
Howard, Stephanie — Mon, May 6, 2019 at 11:13 AM
Scott Kilman — Mon, May 6, 2019 at 1:35 PM
Scott Kilman<jscottkilman@gmail.com> — Tue, May 7, 2019 at 10:44 AM
To: "Howard, Stephanie" <Stephanie.Howard@coloradodefenders.us>
Reply | Reply to all | Forward | Print | Delete | Show original

Below is a cut and paste copy of something you might be interested in; AND ABOVE
Scott Kilman Mon, May 6, 2019 at 2:00 PM
Thomas Daley<TDaley@arapahoegov.com> Tue, May 7, 2019 at 10:17 AM
To: Scott Kilman <jscottkilman@gmail.com>
Reply | Reply to all | Forward | Print | Delete | Show original
Mr. Kilman,

I looked up Professional visits for your son on May 4 and show that Ms. Howard did visit your son. We do not allow face to face visits with inmates unless the visitor is their professional attorney or representative.

If you are having trouble scheduling an on-site visit, please feel free to contact me and I will help you accomplish this.

Sincerely,

Thomas Daley
Lieutenant
Detention Operations
7375 S. Potomac St.
Centennial, Colorado 80112
720-874-3513 Direct
720-215-9688 Cell

I sent this to ms. Howard, I believe her. I believe your people falsified reports. Look at the video. Do the responsible thing and

Exhibit 1 Pg. 1

Search Images Maps Play YouTube News **Gmail** Drive More » **jscottkilman@gmail.com** | Google Account | Settings | Help | Sign out

You have been redirected to the basic HTML version because this browser is not supported. To use standard view please upgrade to a supported browser.

SUPPORTING MATERIAL

Gmail [Search Mail] [Search the Web] Show search options Create a filter

**Compose Mail**
**Inbox (825)**
Starred ☆
**Sent Mail**
**Drafts (19)**
All Mail
**Spam (185)**
Trash
**Contacts**

Labels
Personal
Receipts
Travel
Work
Edit labels

« Back to Sent Mail [More Actions...] [Go] 1 of about 64 Older ›

Expand all Print New window

## FW: Detention Facility Visitation Inbox

☆ **Thomas Daley** Wed, May 1, 2019 at 7:49 AM

**Scott Kilman**<jscottkilman@gmail.com> Mon, May 6, 2019 at 2:00 PM
To: Thomas Daley <TDaley@arapahoegov.com>

Reply | Reply to all | Forward | Print | Delete | Show original

I am John Kilman father of Tobi Kilman #866024, I have not been able to book a visit and when I did last week at the pro-se federal clinic for Sunday May 5th it was cancelled. I also found out his public defender Stephanie Howard was denied a visit Saturday. Do you have an explaination for this? I have not been able to get a visit for almost a month, and checked with the gaurd that told me all on site visits are booked up for the next month. I cannot visit online. Also when I did visit I could not hear or turn the volume up. Could you look into this? A soulution could be to accomidate me with a contact visit, because of my hearing imparement. I could show you proof with a recent hearing screening. Are you open to this. Also I will be at the pro-se clinic later this week, and am considering a ada action against Arapahoe County and it's Sheriffs Department and Securus. I am hoping you will see the wisdom of giving me a contact visit. It would be good for everyone. Thanks; John Kilman

On 5/1/19, Thomas Daley <TDaley@arapahoegov.com> wrote:
>
>
> Mr. Kilman,
>
> I am in receipt of your email sent to the District Attorney's Office
> regarding visitation at our facility. I am not sure what you are requesting
> so could you call me so I can see if I am able to help you? My numbers are
> below. I have meetings today but if you leave a message with your number I
> will call you back as soon as possible.
>
> Sincerely,
>
> Thomas Daley
> Lieutenant
> Detention Operations
> 7375 S. Potomac St.
> Centennial, Colorado 80112
> 720-874-3513 Direct
> 720-215-9688 Cell
>
> [cid:image008.png@01D4FFF2.6D8A3690]
>
>
>
>
>
>
> www.ArapahoeSheriff.org<http://www.ArapahoeSheriff.org>
>
>
>
>
>
> [cid:image003.png@01D4FFF1.83AFE150]

Exhibit 1 Pg. 2

Name: Kleman ID#: 18-12953
Arapahoe County Detention Facility
P.O. Box 4918
Centennial, CO 80155-4918 6B12




Office Of The Clerk
United States District Court
Alfred A. Arraj Courthouse
901-19th St., Room A105
Denver, CO 80294-3589

INDIGENT
LEGAL MAIL

UNCENSORED INMATE MAIL

Arapahoe County Detention Facility

**Notice to Addressee:** unsolicited or unwanted items may be declined and returned to sender unopened

11/1/19

#160345

INDIGENT
LEGAL MAIL